## DORF v. SMITH.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

EVIDENCE (§ 571*)—EXPERT TESTIMONY—EFFECT.

> In an action for fraudulent misrepresentations as to the profits of a joint venture, by which the plaintiff was induced to relinquish his rights therein, where the only evidence as to the value of the inventory, upon which the accounting was based, was an estimation by an expert accountant of the inventory upon the date of dissolution, based upon the average profits shown by selected sales slips, there is not sufficient evidence of the profits to permit a recovery.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2395-2398; Dec. Dig. § 571.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Dorf against Robert S. Smith. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Eppstein & Rosenberg, of New York City (Louis B. Eppstein, of New York City, of counsel), for appellant.

Bogart & Bogart, of New York City (John Bogart, of New York City, and Isidore Weckstein, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff claims that he entered upon a joint venture with defendant for the sale of goods in the city of New York to cover a period of three or four months. When the time had but half expired, the plaintiff became dissatisfied with the conduct of the defendant, and some disagreements arose. After summary negotiations, defendant told the plaintiff that the business had been conducted at a loss, and that the plaintiff should be glad to get out with his original investment of $2,000. Plaintiff accepted the proposition and received this amount, for which he signed a receipt and a release and a dissolution of the agreement between the parties. He now claims that this action on his part was induced by the false representations of the defendant, in that defendant knew at the time that the venture had been profitable. Plaintiff sues to recover 25 per cent. (that being the proportion assigned to him by the original agreement) of the profits that had then accrued.

We need not decide the serious question whether plaintiff could recover on an alleged misrepresentation made under the circumstances

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

disclosed in this case, where, except for one series of items, which could not have seriously affected the state of the accounts of the business, the plaintiff had the same opportunities for knowledge as to the existence of profit or loss that were enjoyed by the defendant. It is perfectly evident that no competent proof was offered at the trial that any profits had been earned by the business at the time of its dissolution. All the data for ascertaining the state of the accounts were substantially admitted at the trial, except the value of the inventory. As to this, plaintiff's witness, an expert accountant, testified over objection that he had selected some sales slips, and, finding that goods had been sold at an average profit of about 50 per cent., he had estimated back the value of the inventory on the date of dissolution from the gross amount of sales ultimately realized. He concedes that this figuring is a mere estimate, and that it is based on averages. A calculation of this character cannot be made the basis for the recovery of a definite sum, as it has been in this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.